The Honorable Randy Minton State Representative 880 Minton Road Ward, AR 72178-8618
Dear Representative Minton:
You have requested my opinion on the issues raised by the following questions:
 (1) Can a school district release the names, addresses, and telephone numbers of employees to political candidates and the general public?
 (2) Is this information (names, addresses, telephone numbers) considered directory information in relation to the Freedom of Information Act?
RESPONSE
Question 1 — Can a school district release the names, addresses, andtelephone numbers of employees to political candidates and the generalpublic?
It is my opinion that the answer to this question will depend on certain variable factors, as explained below.
The issue that is raised by this question is one that is governed primarily by the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 etseq.). It should be noted as an initial matter that the FOIA requires that the public be given access to non-exempt public records that are in the possession of the entity. It does not require the public entity to compile information or to create records that do not already exist. A.C.A. § 25-19-105(d)(2)(C). Thus, if the school district does not already possess a record reflecting the names, addresses, and telephone numbers of its employees, it is not required to create such a record.
However, if the school district does possess such a record, it must consider whether any of the information contained in the record is exempt from disclosure. If any of the information in the record is exempt from disclosure, the school district must redact that portion of the record before releasing it to the public. A.C.A. § 25-19-105(f).
The names of the school district's employees are not exempt from disclosure under the FOIA or any other law. They must therefore be released (assuming the school district possesses a record reflecting those names). However, under certain circumstances, addresses and telephone numbers can be exempt from disclosure. The specific exemption under which this information could be withheld from the public is the exemption that applies to "personnel records." Such records are deemed to be disclosable unless disclosing them would constitute a clearly unwarranted invasion of the employee's personal privacy. A.C.A. §25-19-105(b)(12). In interpreting and applying this exemption, the Arkansas Supreme Court has applied a balancing test, holding that personnel records can be withheld from disclosure if the employee's privacy interest in the records clearly outweighs the public's interest in the records. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992).
The Attorney General has consistently taken the position that unlisted telephone numbers should not be released. See, e.g., Op. Att'y Gen. No.99-054. This position is based on the conclusion that an employee's privacy interest in an unlisted telephone number outweighs any interest the public may have in that number. Although listed telephone numbers and home addresses are in many cases already made public through the telephone directory and other sources, it may nevertheless also be appropriate to withhold that information under certain circumstances. The U.S. Supreme Court has recognized that there can be a protectable privacy interest even in information that has already been made public. SeeDepartment of Defense v. FLRA, 510 U.S. 487, 500 (1994). The Arkansas Supreme Court relied on the FLRA case in deciding Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998), in which the court held that the home addresses of police officers were not disclosable because, given the particular role of police officers, such information could be used to harass the officers and their families. The officers thus had a heightened privacy interest in their home addresses. I believe that similar reasoning could be relied upon as a basis for withholding the home addresses and listed telephone numbers of school district employees. See Ops. Att'y Gen. Nos. 2002-087; 2001-148.
I note in this regard that the question of whether a particular employee has a heightened privacy interest in his or her home address and telephone number will depend entirely upon the specific facts of each employee's individual situation. The determination of whether such a heightened privacy interest exists must be made in the first instance by the custodian of the records. Again, that determination must be based upon a balance between the public's interest in the information and the employee's privacy interest in it. If the custodian of the records determines that all or some employees have a heightened privacy interest in their home addresses and telephone numbers, this information must be redacted from the record before it is released.
Question 2 — Is this information (names, addresses, telephone numbers)considered directory information in relation to the Freedom ofInformation Act?
It is my opinion that names, addresses, and telephone numbers of school district employees do not constitute "directory information" in a way that is relevant to the FOIA. "Directory information" is pertinent to the FOIA only in the context of student "education records."
Among the various records that are exempt from disclosure under the FOIA are the following:
 Medical records, adoption records, and education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, unless their disclosure is consistent with the provisions of the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g[.]
A.C.A. § 25-19-105(b)(2).
The Family Educational Rights and Privacy Act of 1974 (FERPA),20 U.S.C. § 1232g, pertains to the educational records of students. Such records, as defined in that federal law, cannot be disclosed to the public. By referencing the FERPA in the above-quoted section, the Arkansas FOIA has adopted this exemption from disclosure. However, the FOIA also adopts the FERPA's exceptions, among which is an exception for student "directory information." See 20 U.S.C § 1232g (b)(1). "Directory information," as defined in the FERPA, is information that pertains only to students, and not to the employees of educational institutions. 20 U.C.S. § 1232g(a)(5)(A). I therefore conclude that the names, addresses, and telephone numbers of school district employees do not constitute "directory information" within the meaning of the FOIA.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General